UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

YOLANDA RENEE JONES,

       **Plaintiff,**

   v.

FRANK BISIGNANO,
**Commissioner of Social Security,**

       **Defendant.**

Case No. 3:20-cv-12116
Magistrate Judge Norah McCann King

**OPINION AND ORDER**

This matter is before the Court on the motion for an attorney's fee pursuant to 42 U.S.C. § 406(b)(1). ECF No. 18. The Commissioner neither supports nor opposes the motion but asks that the Court direct Plaintiff's counsel to remit to Plaintiff the fee previously awarded under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"). ECF No. 24.

Under the Social Security Act, a court may award a prevailing claimant's attorney "a reasonable fee. . . not in excess of 25 percent of the total of the past-due benefits. . . ." 42 U.S.C. § 406(b)(1). Contingency fee arrangements are "the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). In determining an appropriate fee under the statute, a court must also consider such factors as the character of the representation and results achieved, whether counsel was responsible for delay, and whether the benefits were large in comparison to the time expended by counsel. *Id*. at 807-08. Moreover, a court may consider the inherent risk of loss

associated with representation on a contingency basis. *Tschudy v. Comm'r of Soc. Sec.*, No. 18-3424, 2020 WL 3316403, at *1 (D.N.J. June 18, 2020).

Plaintiff filed her application for Disability Insurance Benefits in May 2017, R. 200-06, and, with the assistance of counsel, challenged the administrative denial of that application in this Court. In April 2021, this Court granted the parties' consent order of remand, reversed the Commissioner's decision, and remanded the matter to the Commissioner for further proceedings. ECF No. 15. The Court thereafter awarded Plaintiff an attorney's fee under the EAJA in the amount of $2,349.60. ECF No. 17. In June 2025, following this Court's order of remand, Plaintiff secured a fully favorable decision, ECF No. 18-4, PageID# 1046-57, and was awarded past-due benefits totaling $ 124,273.00. ECF No. 24-1, PageID# 1071. Plaintiff's counsel seeks 12.5% of that award, for an attorney's fee of $15,534.13.

The fee agreement executed by Plaintiff and her counsel authorizes a fee of 25% of past-due benefits. ECF No. 18-1, PageID# 1030. The motion itemizes 11 hours of counsel time expended on Plaintiff's behalf before this Court. ECF No. 18-4. at PageID# 1032. The requested fee therefore represents far less than 25% of Plaintiff's past-due benefits and compensation for Plaintiff's counsel at the rate of approximately $ 1,412.19 per hour.

This Court concludes that the requested fee is reasonable. The time between Plaintiff's application and the favorable resolution of that application—totaling more than five years—was lengthy and there is no indication that Plaintiff's counsel was responsible for that delay. Plaintiff's primary counsel, Charles E. Bender, Esq., is a well-experienced practitioner in this area of the law and routinely undertakes representation of litigants in this Court in these contingency cases. Moreover, the benefits awarded were not large in comparison to the time expended by counsel. *See Gisbrecht*, 535 U.S. at 808.

Plaintiff's Motion for Attorney Fees, ECF No. 18, is therefore **GRANTED**.

**IT IS ORDERED** that an attorney's fee in the amount of $ 15,534.13, which represents approximately 12.5% of the past due benefits awarded to Plaintiff, be remitted **to Charles E. Bender, Esq**. Upon receipt of this fee, counsel for Plaintiff is **DIRECTED** to remit the previously awarded EAJA fee in the amount of $ 2,349.60 to Plaintiff.

**IT IS SO ORDERED.**


August 8, 2025                                *s/ Norah McCann King*
                                              Norah McCann King
                                              United States Magistrate Judge

3